IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. HICKEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:17-CV-214 |
| | ) | |
| SHERRIFF, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Christopher Hickey, a pro se petitioner, on May 4, 2017. ECF 1. For the reasons set forth below, the Court **DISMISSES** the petition (ECF 1) **WITHOUT PREJUDICE** because the claims are unexhausted. The Court **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11 and leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3). The Clerk is directed to **CLOSE** this case.

DISCUSSION

Christopher Hickey filed a habeas corpus petition attempting to challenge his incarceration on bond in the Starke County Jail. ECF 1 at 1. While on parole, Hickey was criminally charged in 66D01-1611-F5-67, and his parole was revoked. *Id.* Hickey argues

that he should not be held on bond during the pendency of the new criminal case because he is on parole. ECF 1 at 10.

Before a petitioner can challenge a State proceeding in a federal habeas corpus petition, he must have previously presented his claims to the State courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004).

Here, Hickey acknowledges in the petition that he has not yet raised a challenge to his bond in one complete round of State court review, which he must do before this court can grant relief. Hickey has a remedy available in the State court if he believes his bond is inappropriate. *See Vacendak v. State*, 302 N.E.2d 779 (Ind. 1973) (remanding a State habeas corpus proceeding back to the trial court to conduct a bail hearing); *Morris v. Superintendent*, No. 1:10-CV-320-TS, 2010 WL 3761909, at *1 (N.D. Ind. Sept. 20, 2010). Until the State process is completed, Morris cannot obtain habeas relief in federal court. *Lewis*, 390 F.3d at 1025-26.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Hickey's time to file a

2

federal habeas corpus claim regarding his bond has not yet begun to accrue. Therefore, dismissing this petition will not effectively end his chance at habeas corpus review and a stay would not be appropriate.

As a final matter, pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore there is no basis for encouraging him to proceed further in federal court until he has exhausted his claims in State court. Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

CONCLUSION

The Court **DISMISSES** the petition (ECF 1) **WITHOUT PREJUDICE** pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are unexhausted. The Court **DENIES** a certificate of appealability

pursuant to Section 2254 Habeas Corpus Rule 11 and leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3). The Clerk is directed to **CLOSE** this case.

**DATED: June 14, 2017**         **/s/RUDY LOZANO, Judge**
                                 **United States District Court**